IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **ANGELLE HINES,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| *v.* § | Case No. 1:23-CV-00226 |
| § | |
| **PROSPECT PARTNERS, LLC AND** § | |
| **SILVERMAN CONSULTING** § | |
| § | |
| *Defendants.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, **ANGELLE HINES** (hereinafter "Plaintiff"), complaining of the Defendants **PROSPECT PARTNERS, LLC** (hereinafter "Prospect") and **SILVERMAN CONSULTING** (hereinafter "Silverman") (collectively, "Defendants"), and in support thereof would respectfully show unto this Honorable Court the following:

### PARTIES

1. Plaintiff **ANGELLE HINES** is a resident of Port Arthur, Jefferson County, Texas; thus, Plaintiff **ANGELLE HINES** is a Texas citizen. At the time of closure, Plaintiff **ANGELLE HINES** was an enrolled student in the Business Administration program at the Vista College located 3871 Stagg Drive, Suite 194, Beaumont, Texas 77701. Plaintiff **ANGELLE HINES** was five months away from graduation when her campus closed. Plaintiff **ANGELLE HINES'** tuition was roughly $18,000—for which she took out student loans and paid out of pocket. Additionally, Plaintiff **ANGELLE HINES** paid thousands of dollars in school supplies and textbooks. Defendants received tuition and other payments from – or on behalf of – Plaintiff during her time at Vista College.

2. Defendant **PROSPECT** is a private equity firm that owned, operated, managed, and funded several campuses throughout the State of Texas, including Vista College located in Beaumont, Jefferson County, Texas. Defendant **PROSPECT** is a foreign corporation, company, partnership, proprietorship, or other entity maintaining its principal office at 200 West Madison Street, Suite 2710, Chicago, IL 60606. Defendant **PROSPECT** at all times material to this action, engaged in business in Texas, as more particularly described below. Defendant **PROSPECT** does not have a designated agent on whom service of citation may be made in this cause. The causes of action asserted arose from, or are connected with, purposeful acts committed by **PROSPECT** in Texas because **PROSPECT** conducted business in Texas. Claims arising from Defendant **PROSPECT**'s business in Texas are the basis of Plaintiff's cause of action. At all relevant times, **PROSPECT** was and is a private equity company that manages, operates, and funds companies throughout the United States with several in Texas. Plaintiff is requesting a waiver of summons for this Defendant.

3. Defendant **SILVERMAN** is a consulting firm retained, hired, and/or 'brought in' by Defendant **PROSPECT** to act as a Chief Restructuring Officer ("CRO") for Vista College. Defendant **SILVERMAN** reported directly to Defendant **PROSPECT** and was responsible for monitoring the financial performance of Vista College, in addition to implementing all decisions relating to managing the school's finances, business operations, closing down the school, and for making arrangements for students to obtain records and refunds after the school's closure. Defendant **SILVERMAN** is a foreign corporation, company, partnership, proprietorship, or other entity maintaining its principal office at 1 North Wacker Drive, Suite 3925, Chicago, IL 60606. Defendant **SILVERMAN** at all times material to this action, engaged in business in Texas, as more particularly described below. The causes of action asserted arose from, or are connected with,

purposeful acts committed by **SILVERMAN** in Texas because **SILVERMAN** conducted business in Texas. Claims arising from Defendant **SILVERMAN**'s business in Texas are the basis of Plaintiff's cause of action. At all relevant times, **SILVERMAN** is a consulting firm that – in part – restructures troubled companies throughout the United States with several in Texas. Plaintiff is requesting a waiver of summons for this Defendant.

## **VENUE & JURISDICTION**

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Although Plaintiff realizes any ultimate recovery is up to the jury and this Honorable Court, recent "tort reform" forces Plaintiff—before any discovery is done and at the outset of trial—to specifically and publicly identify a range of damages, or else Plaintiff is denied various rights including the right to proceed with this case and conduct discovery. Accordingly, and pursuant to that requirement, Plaintiff pleads she is seeking monetary relief over $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process. Moreover, diversity of jurisdiction exists as Plaintiff and Defendants are citizens of different states: Texas and Illinois.

5. Venue is proper in Jefferson County, Texas, pursuant to 28 U.S. Code Section 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim(s) accrued in Jefferson County, Texas.Venue is proper in Jefferson County, Texas, because the incident giving rise to this suit occurred in Jefferson County, Texas. At all times relevant to this case, Defendants had an agent or transacted business in the State of Texas, including Jefferson County, Texas. This Court has personal jurisdiction over Defendants because at all relevant times, they conducted (and continue to conduct) business in Jefferson County, Texas. The cause of action asserted arose from, or is substantially connected with, purposeful acts committed by the

Defendants in Texas because Defendants executed contracts and conducted business within the State of Texas. The Defendants' negligence while conducting their business within the State of Texas is the basis of the Plaintiff's cause of action.

### NATURE OF THE CASE

6. The gravamen of Plaintiff's complaint is that Defendants mismanaged finances, mismanaged business operations, failed to provide adequate finances, misrepresented, undercapitalized, and failed to provide her tuition refunds per her contract.

### FACTS

7. Plaintiff **ANGELLE HINES** enrolled in the Business Administration program at Vista College located in Beaumont, Texas on, or around, January 29, 2021. After roughly nine months of attending classes, Vista College unexpectedly shut down on October 8, 2021. The closure was due to inadequate finances, business and financial mismanagement, accreditation concerns, enrollment deficiencies, and/or compliance issues.

8. Throughout Plaintiff **ANGELLE HINES**' tenure at Vista College, she received representations and/or promises from Defendants that her enrollment would not be interrupted, and that her campus would remain open long enough to complete her program. Moreover, Plaintiff **ANGELLE HINES** received promises and/or guarantees from Defendants that her credits would transfer to all other institutions in the event of closure. Those representations were made, despite Defendants' knowledge – actual or constructive – that said representations were false and/or misleading. As a result of said misrepresentations, Plaintiff **ANGELLE HINES** continued spending time, effort, and money attending Vista College in Beaumont, Texas.

9. Defendant **PROSPECT** is a private equity firm, who owned, operated, managed, and/or funded Plaintiff **ANGELLE HINES**' college. In February or March 2021 (seven or eight

months before closure), Defendant **PROSPECT** hired, retained, and/or 'brought in' Defendant **SILVERMAN** to act as Chief Restructuring Officer ("CRO") for Vista College. Defendant **SILVERMAN**'s role – as stated on their publicly-made available website – is "restructuring troubled companies regardless of industry concentration or size." Put another way, Defendant **PROSPECT** retained, hired, and/or 'brought in' Defendant **SILVERMAN** because they recognized Vista College was in "trouble" in February or March 2021.

10. Upon information and belief, Defendant **SILVERMAN** reported directly to Defendant Prospect, and was responsible for monitoring the financial performance of Vista College, implemented decisions about the company's finances and loan obligations, and made decisions relating to Vista College's business operations. Moreover, Defendants were responsible for making arrangements for Plaintiff to obtain her refund(s) after closure.

11. As a result of Defendants' acts and omissions, Plaintiff **ANGELLE HINES**' school closed and, as a result, caused Plaintiff **ANGELLE HINES** significant damages.

**CAUSES OF ACTION AGAINST DEFENDANTS**
**(Breach of Contract including the Breach of Expressed Terms**
**and the Implied Terms— Breach of the Covenant of Good Faith and Fair Dealing)**

12. Paragraphs 1 through 11 are incorporated by reference.

13. A contract existed between Plaintiff and Defendants. Plaintiff entered into an agreement with Vista College for her Business Administration program.

14. On or around January 29, 2021, Plaintiff Hines signed a contract with Vista College. Under Plaintiff's contract, she was required to pay the amount of her program and/or course referenced in said contract. The estimated cost of her program was $17,935.00. Plaintiff's contract was in full force and effect at the time Defendants closed down her campus.

15. All conditions precedent to Defendants' obligation were satisfied.

16. Defendants breached the terms of their contract with Plaintiff by failing to provide her with the promised products and services as contracted. Moreover, Defendants' failure to provide adequate refunds constitutes a breach.

17. Plaintiff has sustained actual damages as the result of Defendants' breach of contract.

18. As a result of Plaintiff's contract, she periodically paid tuition, which were received – directly or indirectly – by all named Defendants.

19. In misrepresenting through their representations that Vista College would remain open through Plaintiff's scheduled curriculum, and in abruptly closing down Plaintiff's campus without ensuring a smooth transition of credits or courses to another school, Defendants breached and failed to honor their implied covenant of good faith and fair dealing under Texas law.

20. The law implies a covenant of good faith and fair dealing in every contract. Defendants violated this covenant of good faith and fair dealing in its contract with Plaintiff by, *inter alia*, misrepresenting to Plaintiff that her campus would remain open (at least) through the courses currently in progress. Despite these representations, Defendants closed Plaintiff's campus with no forewarnings.

21. Defendants breached their duty of good faith and fair dealing and acted in bad faith in the following respects:

    a. Representing through their advertising, marketing, and other representations that the campuses would not close down until (at the earliest) the completion of Plaintiff's curriculum.

    b. Acting in such a manner as to damage Plaintiff and/or committing acts which unjustifiably denied Plaintiff the benefits to which she was entitled under the Contract.

    c. Failing to provide full and complete training and/or education, as stated in the Contract.

    d. Failing to provide full reimbursement(s) for any and all tuition and costs to Plaintiff after abruptly closing down her campus.

    e. Failing to provide adequate notice to Plaintiff that her campus would be closed down.

    f. Failing to attempt in good faith to compromise Plaintiff for her lost money and/or time towards her program.

    g. Failing to ensure a smooth transition of Plaintiff's credits or courses to another institution.

22. Defendants' bad-faith denial of Plaintiff's training and/or education was done as part of Defendants' business practices. Defendants' wrongful conduct was authorized and ratified by its management and was done with disregard of Plaintiff's rights. Such conduct was done to take advantage of the financially weaker or vulnerable position of Plaintiff and constitutes a pattern or practice of misconduct through trickery or deceit to deny Plaintiff the benefit of her training and/or education.

23. Plaintiff performed all, or substantially all, of the significant duties required under her agreement with Defendants.

24. Defendants did not provide and/or unfairly interfered with the rights of Plaintiff to receive the benefits under her agreement with Defendants.

25. Defendants acted with oppression and malice, including with conscious and willful disregard of the rights of Plaintiff and to her harm and detriment. Plaintiff is accordingly entitled to recovery of exemplary and punitive damages.

## CAUSES OF ACTION AGAINST DEFENDANTS
### (Violations of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"))

26. Paragraphs 1 through 25 are incorporated by reference.

27. Defendants' conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). TEX. BUS. & COM. CODE §17.41-17.63. All violations of this chapter are made actionable by TEX. BUS. & COM. CODE §17.50(a)(1).

28. Throughout Plaintiff **ANGELLE HINES**' enrollment at Vista College, she made several transactions—the majority of which were tuition payments that ultimately enriched all Defendants. When those transactions were made, Defendants owed a duty to disclose information material to her continued enrollment. Moreover, the below DTPA violations were committed in connection with those transactions.

29. At all material times, Plaintiff was a "consumer" as defined in TEX. BUS. & COM. CODE §17.45(4).

30. Defendants' failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(2).

31. Defendants' misrepresentations and omissions, as described above, caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(7).

32. Defendants' advertising goods or services with intent not to sell them as advertised, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(9).

33. Defendants' misrepresentations that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law, constitutes as a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(12).

34. Defendants' failure to disclose information concerning goods or services, as described above, which was known at the time of the transaction, and which was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, constitutes a false, misleading, or deceptive act and practice. TEX. BUS. & COM. CODE §17.46(b)(24).

35. As a result of Defendants' noncompliance with the DTPA, Plaintiff is entitled to economic damages, which include the amount of the benefits wrongly withheld.

36. Plaintiff alleges Defendants actions were a substantial factor in causing her injuries, including but not limited to: (1) withholding information material as to the viability of Vista College weeks, or months, before the closure; (2) approving, drafting, ratifying, and/or publishing or causing to be published misrepresentations; (3) cascading incomplete or inadequate messages (including, but not limited to, misstatements or misleading messages) to Plaintiff upon which she reasonably relied to remain enrolled and/or a paying student to her detriment; and (4) failing to disclose pertinent information at, or near, the time of signing her enrollment agreement.

37. For knowing conduct violations, with regard to these breaches of duty, Plaintiff asks for three times her economic damages.

38. For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to her economic damages, and Plaintiff asks for three times her amount of economic

damages. Plaintiff is also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE ANN. §17.50(b)(1).

### CAUSES OF ACTION AGAINST DEFENDANTS
### (Unjust Enrichment)

39. Paragraphs 1 through 38 are incorporated by reference.

40. A party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received.

41. As a result of the conduct described above, Defendants have been, and will continue to be, unjust enriched at the expense of Plaintiff.

42. Defendants have received, and are holding, funds belonging to Plaintiff which in equity Defendants should not be permitted to keep but should be required to refund Plaintiff.

### CAUSES OF ACTION AGAINST DEFENDANTS
### (*Quantum Meruit*, and Promissory Estoppel)

43. Paragraphs 1 through 42 are incorporated by reference.

44. Plaintiff provided valuable services and/or materials to Defendants who accepted the services and/or materials. Under the circumstances herein, Defendants were notified that Plaintiff expected to be fully reimbursed and/or provided her programs and/or courses.

45. Defendants made multiple promises to Plaintiff regarding the completion of her enrollment and education.

46. Plaintiff reasonably and substantially relied on the promise(s) to her detriment.

47. Plaintiff's reliance was foreseeable by Defendants.

48. Injustice can be avoided only by enforcing promise(s) of Defendants to Plaintiff.

49. Defendants directly benefitted from, and were unjustly enriched by, their misrepresentations.

50. All the foregoing pled and stated in this petition constitute *quantum meruit* and promissory estoppel, for which claims are brought.

### CAUSES OF ACTION AGAINST DEFENDANT PROSPECT
**(Negligent Misrepresentation and Ordinary Negligence)**

51. Paragraphs 1 through 50 are incorporated by reference.

52. Through written materials and oral discussions, Defendant **PROSPECT** represented, in part, to Plaintiff that her school was remaining open long enough for Plaintiff to complete her program and/or course and there would be no significant change to her educational experience. Defendant **PROSPECT** also represented to Plaintiff she would be eligible to transfer most— if not all—of the credits required to complete her degree, which is not true. Moreover, Defendant **PROSPECT** represented inflated, misleading, and false placement rates for Plaintiff's programs.

53. Upon information and belief, these communications were drafted, ratified, approved, and published or caused to be published by Defendant **PROSPECT**.

54. Defendant **PROSPECT**'s misrepresentations were made in the course of the Defendant's business.

55. Defendant **PROSPECT**'s misrepresentations were supplied and/or conveyed for the purpose of affecting Plaintiff's financial decisions.

56. Defendant **PROSPECT** failed to exercise reasonable care and/or diligence in communicating their misrepresentations.

57. Defendant **PROSPECT**'s misrepresentations were objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

58. Defendant **PROSPECT** intended that Plaintiff would rely on their misrepresentations.

59. Plaintiff reasonably and justifiably relied to her detriment on Defendant **PROSPECT**'s misrepresentations.

60. As a proximate result of Defendant **PROSPECT**'s negligent misrepresentations, Plaintiff was damaged in an amount to be proven at trial.

61. Defendant **PROSPECT** directly benefitted from, and were unjustly enriched by, their misrepresentations.

62. Plaintiff herein pleads a cause of action sounding in negligence over and/or against Defendant **PROSPECT**. In this regard, Defendant **PROSPECT** was negligent in multiple and many ways, including but not limited to the following:

    a) In failing to exercise ordinary care;

    b) In failing to exercise reasonable care to avoid a foreseeable risk of injury and/or damage to others;

    c) In failing to exercise ordinary care to protect others from financial harm when the financial harm is under the Defendant **PROSPECT**'s control;

    d) In failing to exercise ordinary care in not placing Plaintiff in financial harm's way;

    e) In failing to take timely and/or proper action as would have been made by a person of ordinary care under the same or similar circumstances;

    f) In failing to exercise ordinary care by not properly, or sufficiently, warning Plaintiff of the campus closure(s);

    g) In failing to exercise ordinary care by not properly, or sufficiently, warning Plaintiff of the possibility of campus closure(s);

    h) In failing to exercise ordinary care by not properly, or sufficiently, setting up adequate teach-out programs for Plaintiff;

- i) In failing to appropriately and adequately finance and/or fund the school and/or education program to prevent unnecessary, abrupt, and/or early closures prior to completion;
- j) In failing to appropriately and adequately finance and/or fund the school such that government or other oversight would not affect the ability to operate and/or provide the education promised and paid for;
- k) In failing to appropriately and adequately coordinate with local, state, and/or federal governments, agencies, and others to ensure the schools were operating within the appropriate local, state, and federal regulations, procedures, and industry standards, and would provide the education without interruption or abrupt cessation of activity;
- l) In violating local, state, or federal law and/ regulations, so as to make this defendant negligent *per se*; and
- m) In other acts of omission and/or commission, to be shown after an adequate time for discovery and/or at the time of trial.
- n) Defendant **PROSPECT** failed to properly manage, finance, advise, consult, manage, and/or capitalize Vista College campuses, including Plaintiff **ANGELLE HINES**' campus in Beaumont, Texas.
- o) In failing to hire a competent consulting firm to act as Chief Restructuring Officer;
- p) In failing to retain a competent consulting firm to act as Chief Restructuring Officer; and
- q) In failing to appropriately and adequately direct the Chief Restructuring Officer under the circumstances;

63. The acts of negligence as set out above were a proximate cause of the injuries made the basis of this lawsuit. Plaintiff reserves the right to amend these allegations as further facts, investigation and discovery may warrant.

**CAUSES OF ACTION AGAINST DEFENDANT SILVERMAN**
**(Negligent Misrepresentation and Ordinary Negligence)**

64. Paragraphs 1 through 63 are incorporated by reference.

65. Through written materials and oral discussions, Defendant **SILVERMAN** represented, in part, to Plaintiff that her school was remaining open long enough for Plaintiff to complete her program and/or course and there would be no significant change to her educational experience. Defendant **SILVERMAN** also represented to Plaintiff she would be eligible to transfer most – if not all – of the credits required to complete her degree, which is not true. Moreover, Defendant **SILVERMAN** represented inflated, misleading, and false placement rates for Plaintiff's programs.

66. Upon information and belief, these communications were drafted, ratified, approved, and published or caused to be published by Defendant **SILVERMAN**.

67. Defendant **SILVERMAN**'s misrepresentations were made in the course of the Defendant's business.

68. Defendant **SILVERMAN**'s misrepresentations were supplied and/or conveyed for the purpose of affecting Plaintiff's financial decisions.

69. Defendant **SILVERMAN** failed to exercise reasonable care and/or diligence in communicating their misrepresentations.

70. Defendant **SILVERMAN**'s misrepresentations were objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

71. Defendant **SILVERMAN** intended that Plaintiff would rely on their misrepresentations.

72. Plaintiff reasonably and justifiably relied to her detriment on Defendant **SILVERMAN**'s misrepresentations.

73. As a proximate result of Defendant **SILVERMAN**'s negligent misrepresentations, Plaintiff was damaged in an amount to be proven at trial.

74. Defendant **SILVERMAN** directly benefitted from, and were unjustly enriched by, their misrepresentations.

75. Plaintiff herein pleads a cause of action sounding in negligence over and/or against Defendant **SILVERMAN**. In this regard, Defendant **SILVERMAN** was negligent in multiple and many ways, including but not limited to the following:

   a) In failing to exercise ordinary care;
   b) In failing to exercise reasonable care to avoid a foreseeable risk of injury and/or damage to others;
   c) In failing to exercise ordinary care to protect others from financial harm when the financial harm is under the Defendant **SILVERMAN**'s control;
   d) In failing to exercise ordinary care in not placing Plaintiff in financial harm's way;
   e) In failing to take timely and/or proper action as would have been made by a person of ordinary care under the same or similar circumstances;
   f) In failing to exercise ordinary care by not properly, or sufficiently, warning Plaintiff of the campus closure(s);
   g) In failing to exercise ordinary care by not properly, or sufficiently, warning Plaintiff of the possibility of campus closure(s);
   h) In failing to exercise ordinary care by not properly, or sufficiently, setting up adequate teach-out programs for Plaintiff;
   i) In failing to appropriately and adequately finance and/or fund the school and/or education program to prevent unnecessary, abrupt, and/or early closures prior to completion;
   j) In failing to appropriately and adequately finance and/or fund the school such that government or other oversight would not affect the ability to operate and/or provide the education promised and paid for;
   k) In failing to appropriately and adequately coordinate with local, state, and/or federal governments, agencies, and others to ensure the schools were operating

<ul>
<li>within the appropriate local, state, and federal regulations, procedures, and industry standards, and would provide the education without interruption or abrupt cessation of activity;</li>
<li>l) In violating local, state, or federal law and/ regulations, so as to make this defendant negligent *per se*; and</li>
<li>m) In other acts of omission and/or commission, to be shown after an adequate time for discovery and/or at the time of trial.</li>
<li>n) Defendant **SILVERMAN** failed to properly manage, finance, advise, consult, manage, and/or capitalize Vista College campuses, including Plaintiff **ANGELLE HINES**' campus in Beaumont, Texas.</li>
<li>o) Failing to exercise ordinary care in making decisions relating to managing the school's finances;</li>
<li>p) Failing to exercise ordinary care in actions relating to managing the school's finances;</li>
<li>q) Failing to exercise ordinary care in making decisions relating to the relevant school's business operations;</li>
<li>r) Failing to exercise ordinary care in actions relating to the relevant school's business operations;</li>
<li>s) Failing to exercise ordinary care in closing Plaintiff's school;</li>
<li>t) Failing to exercise ordinary care in refunding Plaintiff per her enrollment agreement; and</li>
<li>u) Failing to exercise ordinary care in providing Plaintiff with a teach-out plan and/or agreement after campus closure.</li>
</ul>

76.  The acts of negligence as set out above were a proximate cause of the injuries made the basis of this lawsuit.

77.  Plaintiff reserves the right to amend these allegations as further facts, investigation and discovery may warrant.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all claims for which the law provides a right to jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, respectfully prays:

a. For general, special, and nominal damages according to proof at trial;

b. For general, special, nominal, and compensatory damages including, but not limited to, out-of-pocket expenses, contractual damages, lost wages and/or profits, travel and/or school-enrollment expenses, mental and emotional distress in an amount according to proof, and all other damages available under Texas law;

c. For punitive and/or treble damages to be awarded to Plaintiff in an amount appropriate to punish and set an example of Defendants to deter further misconduct;

d. For interest on the actual damages at the legal rate from October 8, 2021;

e. For costs of suit and reasonable attorneys' fees as permitted by law; and

f. For such other and further relief, including if applicable injunctive relief, restitution, return of tuition, and further relief as the Court may deem just and proper;

g. For an order providing such further relief, including if applicable injunctive relief, restitution, disgorgement and return of funds collected, and all such other and additional relief as this Court deems proper, at law or in equity, to which Plaintiff justly be entitled; and

h. For money damages in an amount to be determined by a jury.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**

*/s/ Mark C. Sparks*
Mark Sparks
Texas Bar No. 24000273
mark@thefergusonlawfirm.com
Timothy M. Ferguson
Texas Bar No. 24099479
tferguson@thefergusonlawfirm.com
3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700 Phone
(409) 832-9708 Fax

and:

**BAILEY REYES, PLLC**

Christopher A. Bailey
Texas Bar No. 24104549
chris@baileyreyes.com
Julliana Reyes
Texas Bar No. 24103899
julie@baileyreyes.com
2125 Calder Avenue
Beaumont, Texas 77701
(409) 239-0123 Phone
(409) 895-2363 Fax

**ATTORNEYS FOR PLAINTIFF**